In re ADVANCED GOLF DESIGN, INC., Debtor.

Diane L. Jensen, Trustee, Plaintiff,

v.

Suntrust Bank, Southwest Florida, a Florida Corporation, Defendant.

Bankruptcy No. 00–12862–9P7.
Adversary No. 00–776.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Nov. 2, 2001.

Stephen C. Hunt, Naples, FL, for debtor.

Douglas L. Waldorf, Jr., Ft. Myers, FL, for defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

### (DOC. NOS. 10 & 11)

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this Chapter 7 liquidation case is a Motion for Summary Judgment, filed by Plaintiff Diane Jensen (Trustee) and a cross-Motion for Summary Judgment filed by SunTrust Bank, Southwest Florida (SunTrust). Both Trustee and SunTrust agree that there are no disputed facts which create a genuine issue of material fact and that the matter could be resolved as a matter of law, in their respective favors.

It is the Trustee's contention that based on the undisputed facts, she is entitled to an order determining that SunTrust does not have a valid security interest in the certificates of deposit which are the subject matter of this adversary proceeding for the purpose of the credit card chargebacks. Thus the funds on deposit in SunTrust are properties of the estate and subject to administration. The Trustee further contends that the certificates of deposit were pledged for specific purpose and that SunTrust is without right to appropriate the certificates to its own use as a setoff.

In opposition and in support of its own Motion, SunTrust contends that it has a common law and contractual right of setoff and therefore, the funds on deposit are subject to a valid security interest.

The facts relevant to the resolution of the issues presented can be briefly summarized as follows:

On December 28, 1998, Advanced Golf Design, Inc. (the Debtor) pledged a certificate of deposit in the amount of $50,000.00 to secure a letter of credit issued on behalf of the Debtor in favor of a supplier of the Debtor, State of Florida Department of Agriculture and Consumer Affairs. The letter of credit was for one year, and on December 29, 1999, it was renewed again for one additional year. On August 18, 2000, the date of the commencement of the bankruptcy case, the original pledged C.D. was still on deposit with SunTrust. On November 16, 2000, or after the commencement of the case, the supplier drew $16,939.96 on the letter of credit. The balance in the amount of $33,060.04 is still on deposit with the bank.

The Debtor and SunTrust also had a Merchant Bank Card Agreement (Merchant's Charge Agreement) entered into on January 8, 1999. In connection with this Agreement, the Debtor executed a Security Agreement. Paragraph 10 of the Agreement provided that any chargebacks and repurchases under the Merchant's Charge Agreement, including overdrafts, are subject to the security interest

of SunTrust on any and all funds of the Debtor on deposit with SunTrust.

On April 3, 2000, the Debtor and Sun-Trust also entered into an agreement pursuant to which the Debtor pledged a C.D. in the amount of $100,000.00 to fund a letter of credit issued by SunTrust in favor of a supplier of the Debtor, Manufair, Inc. It is without dispute that Manufair, Inc., never drew on the letter of credit and SunTrust did not pay anything out of the pledged C.D. Currently the balance is still the original $100,000.00 held by the bank.

As noted earlier, the Trustee contends that the funds on deposit with SunTrust are "special purpose funds" and therefore not subject to a common law setoff or a contractual right of setoff. In support of her position, the Trustee cites the case of *In re Ben Franklin Retail Store, Inc.*, 202 B.R. 955 (Bankr.N.D.Ill.1996), where the Bankruptcy Court held on almost identical facts that special purpose funds deposited in the bank are not subject to setoff because the obligations are not mutual, which is an indispensable element to exercise any right of setoff either by a banker's right of setoff established by common law or by contract. SunTrust contends, however, that the first C.D. pledged for the specific purpose of funding the letter of credit expired on December 28th and lost its special purpose fund character and therefore not different from any other funds on deposit with the bank against which the bank has a right to a setoff.

Concerning the second C.D., SunTrust contends that since there was no money drawn on the letter of credit and there is no longer a right to draw on it, the $100,000.00 has also lost its character as a special funds deposit, although it is subject to administration, albeit charged with a security interest of SunTrust created by the merchant's charge agreement and the security agreement executed by the parties.

■ The law is well established that special funds deposited in the banking institution, such as a special payroll account in which payroll taxes are deposited, are not subject ·to administration and conversely would not be subject to any claim of any party other than for whose benefits the funds were deposited. *Begier v. Internal Revenue Service*, 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990). In *Begier*, the Supreme Court held that funds paid to the IRS were not property of the estate, therefore, the Trustee was not entitled to recover the payments made to the IRS as a preference. *Id.* at 59, 110 S.Ct. 2258 (holding since debtor does not own equitable interest in property he holds in trust for another, that interest is not "property of the estate," nor is it "property of the debtor" for purposes of preference provision).

■ In the present instance, however, the parties in whose favor the CDs were pledged no longer have a right to draw on the letters of credit, and they are free of any claim of any of the suppliers in whose favor the CDs were pledged. Therefore, it appears that this is no different than any general deposit placed in the bank.

This being the case, this Court is satisfied that while the original pledges represented special purpose funds designed to serve a specific purpose in favor of specific identifiable parties, since these parties no longer have any right to draw on the letter of credit, both CDs lost their special purpose. Therefore, they are property of the estate but subject to whatever the extent of the security interest of SunTrust created by the merchant's charge agreement that encumbers the funds in question.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment filed by the Trustee (Doc. # 10) be, and the same is hereby, denied in part and granted in part. The Certificates of Deposit are property of the estate subject to administration by the Trustee, provided however that they shall not be turned over until the validity, scope and extent of the security interest of SunTrust is determined. It is further

ORDERED, ADJUDGED AND DE-CREED that SunTrust's Motion for Summary Judgment (Doc. # 11) be, and the same is hereby, denied in part and granted in part. The Certificates of Deposit are property of the estate subject to administration by the Trustee, provided however that they shall not be turned over until the validity, scope and extent of the security interest of SunTrust is determined. It is further

ORDERED, ADJUDGED AND DE-CREED that a hearing will be held to determine the validity, scope and extent of the security interest of SunTrust in the funds on deposit pursuant to the Merchant's Charge Agreement. A pretrial conference on this matter shall be scheduled before the undersigned at the U.S. Courthouse, Federal Building, 2110 First Street, Room 4–117, Courtroom D, Fort Myers, Florida on Dec. 6, 2001, at 10:30 a.m.